No. 36,132

THE STATE OF KANSAS, ex rel. HORACE H. RICH, County Attorney of Comanche County, *Plaintiff,* v. WALTER FERRIN, as County Clerk, etc., *Defendant.*

(148 P. 2d 742)

Opinion filed May 6, 1944.

*Horace R. Rich,* of Coldwater, and *W. P. Wesley,* of Ulysses, argued the cause for the plaintiff.

*Willis K. Dillenberger,* of Oswego, argued the cause, and *Theodore M. Metz,* of Lincoln, and *Frank O'Brien,* of Fort Scott, were on the briefs for the defendant.

The opinion of the court was delivered by

WEDELL, J.: This is an original proceeding in mandamus, instituted by the state on the relation of the county attorney of Comanche county, to compel the county clerk to sign and issue orders or war-

rants for the payment of salary or compensation claims of its county commissioners.

The claims of the commissioners were the same. Omitting all formal parts thereof, they were as follows:

"Nov. 29. For two regular meetings attended during the month of November, 1943, the same being the salary due said Commissioner for the month of November. $62.50."

The claims were approved by the commissioners and the county attorney. The petition alleged defendant refused to sign the orders or warrants for the reason he believed the claims were in excess of the compensation or salary provided in section 11, chapter 162 of the Laws of 1943. The answer admits that allegation, and states:

"That defendant states that the claim vouchers presented to and allowed by the board of county commissioners of said county, copies of which are attached to plaintiff's motion-referred to as Exhibits 'A,' 'B' and 'C,' disclose that said commissioners attended two official meetings of said board during the month of November, 1943; but the defendant has been informed, verily believes and so states the facts to be that said commissioners performed other services as such officers and on numerous other days and portions of days, during the month of November, 1943, the nature of the services being the inspection of roads and bridges and conferring with the County Engineer and the inhabitants of the said county pertaining to the building, repairing, improving and maintaining all roads and bridges of said county.

"The defendant further shows the Court because of the ambiguity of chapter 162, Session Laws of 1943, he is in doubt and uncertain as to whether the said commissioners are entitled to be paid monthly, based upon the maxim [maximum] annual salary as set forth in section 11 of the act aforesaid; whether they are entitled to be paid the amount of compensation they received during the month of February, 1943, irrespective of the number of days which said commissioners spent in formal meetings of the board during the month of November; or whether said commissioners are to be compensated for their services only on a per diem basis for attendance of regular meetings of the board as set out in the said claim voucher."

The defendant prayed for interpretation of the law and guidance in the premises.

It is admitted Comanche county is one of twenty-five counties in the state which has adopted the county-road-unit system and that its population is not more than 10,000.

The pertinent provisions of chapter 162 of the Laws of 1943 are:

"SECTION 1. That all officers and employees herein mentioned shall receive for their services the compensation herein allowed, and no other fees, mileage, salaries or things of value of any kind or nature whatsoever unless specifically allowed to them by law: *Provided,* If any monthly salary specifically allowed

under any section of this act is less than the monthly salary paid the person who held the office during the month of February in the year 1943, then such officer shall receive, in addition to the salary prescribed in this act, such an amount as will permit such officer to receive the same amount of salary monthly as the person who held such office during the month of February in the year 1943: *Provided, however,* No such additional amounts shall be paid after December 31, 1944. [G. S. 1943 Supp. 28-157.]

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Sec. 11. Each member of the board of county commissioners of the several counties of the state shall receive *as full compensation for his services* for the county in counties having a population of 25,000 or less the sum of *six dollars per day;* in counties having a population of more than 25,000 and not more than 80,000 seven dollars per day; and shall each be allowed and receive five cents per mile actually and necessarily traveled in the transaction of any of the duties of said office, to be paid out of the county treasury monthly or in quarterly installments; *Provided,* That no allowance for mileage shall apply where traveling is done by car owned by the county and at the county's expense: *Provided further,* That the salary of each commissioner *shall not exceed* in any one year the following amounts:

"In counties having a population of: *Per annum*  .  .  .  more than 5,000 and not more than 10,000, $660  .  .  .  *Provided,* That in counties operating under the *county road unit plan* the *annual salary* of each commissioner *shall not exceed* the following amounts:

"In counties having a population of: Per annum not more than 10,000. $750  .  .  .  *Provided,* That the salary herein provided shall be in full for all services of every kind performed by such commissioners." (G. S. 1943 Supp. 28-121.) (Emphasis supplied.)

Plaintiff contends the commissioners of Comanche county are entitled to receive a monthly salary of one-twelfth of $750 or $62.50 irrespective of the number of days they have served in any one month.

Analysis of the first portion of section 11 discloses the per diem compensation of commissioners in counties having a population of 25,000 or less is the same whether the county operates under the county-road-unit plan or otherwise. The statute fixes their compensation at $6 per day. It provides a commissioner shall receive that amount per day "as *full compensation* for his services." It will be observed, however, that section 11 does make a distinction between the maximum salary a commissioner may receive annually in counties operating under the county-road-unit plan and the maximum salary he may receive in other counties. In the former class of counties not exceeding 10,000 in population the maximum annual salary a commissioner may receive is $750 while in the latter class of counties with the same population the maximum salary he may

receive is $660. As to each of such counties the statute provides: "That the salary of each commissioner *shall not exceed* in any one year" the amount stated. The concluding proviso of section 11 reads: ". . . the salary herein provided shall be in full for all services of every kind performed by such commissioners."

To what *salary* does the last proviso refer? Plaintiff argues it refers only to the annual salary of $750. We think it refers to both the provision for daily compensation and annual salary. But it cannot aid plaintiff's position if the last proviso be held to refer only to annual salary: The provision for annual salary is not that it shall be $750, but it is that the annual salary *"shall not exceed"* $750. It therefore seems to us the only reasonable interpretation to be placed upon all of section 11 is that the legislature intended the "full compensation for his [a commissioner's] services" was to be $6 per day in counties having a population of 25,000 or less, and that his annual salary in counties having a population of not more than 10,000 and operating under the county-road-unit plan should in no event exceed $750.

The words, "not to exceed," clearly indicate the legislature did not intend to provide a fixed annual salary for the commissioners in question in the sum of $750. This interpretation is further fortified by the fact the statute provides the per diem compensation is "full compensation for his services." There are other reasons for this conclusion. One of them is that the present law amended G. S. 1941 Supp. 28-121 and repealed that section. The applicable portion of the repealed statute read: *"Provided,* That in counties operating under the county-road-unit plan the annual salary of each commissioner *shall be* the following amounts: In counties having a population of not more than 10,000, *per annum,* $600."

We must assume the legislature deliberately made the change from a fixed salary in counties operating under the county road unit plan to an annual salary "not to exceed" the amount stated.

Plaintiff directs our attention to the fact the 1943 legislature intended to increase officers' salaries generally and that this fact plainly appears in the 1943 salary law. The contention is not helpful. That legislature, as previously shown, increased the maximum compensation or salary of commissioners in counties of not more than 10,000 population and operating under the county-road-unit plan from a previous flat $600 annual salary to a possible maximum annual salary of $750. The possibility of receiving the maximum

salary or compensation in the sum of $750, of course, depends upon whether a commissioner actually serves 125 days during the year, that being the necessary number of days to entitle him to the maximum annual salary.

Plaintiff also directs our attention to the first proviso contained in section 1 of the 1943 law, previously quoted. That proviso is not applicable to county commissioners for the reason that no specifically allowed annual salary is provided for them in the act which is subject to division into specific monthly installments. The provision clearly is applicable only to an officer whose exact annual salary is fixed by the act and whose monthly salary is therefore allowed as a matter of mere mathematical calculation.

Plaintiff further emphasizes the facts admitted by defendant, previously quoted herein, that, in addition to the two days served by the commissioners in regular meetings during the month of November, they performed, during the same month, other services on numerous days and portions of days. In this connection we are reminded section 11 expressly provides commissioners are entitled to receive five cents per mile actually and necessarily traveled in the transaction of any of the duties of their office, which is to be paid monthly or in quarterly installments. The statute does provide for such payment of each mile so traveled. The legislature, composed of men of ability and experience, knew that roads and bridges could not be inspected, and that some other official functions could not be discharged, by commissioners while seated in the office located in a county seat. It therefore provided for the payment of mileage actually and necessarily traveled in the transaction of the duties of the commissioners. The legislature did not restrict compensation for services actually performed in the official capacity of commissioners to services performed while attending a regular meeting of the board of county commissioners. In the instant case, however, no statement for such services actually rendered in addition to the two regular meetings attended in the month of November was included in the claims filed. Only two days of service were alleged to have been performed in the claim presented. "Full compensation" for two days of service claimed was $12, and not 1/12 of $750, or $62.50.

Defendant properly refused to sign the orders or warrants in the sum of $62.50 and the writ is therefore denied.